IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL HUBBARD,

    Plaintiff,                    No. CIV S-09-0939 JAM GGH P

    vs.

C.D. HOUGLAND, et al.,          <u>ORDER</u>

    Defendants.

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' November 10, 2009, motion to dismiss for failure to exhaust administrative remedies. Also pending is plaintiff's October 23, 2009, request to file a third amended complaint, his February 8, 2010, request to file a fourth amended complaint and proposed fourth amended complaint, improperly labeled as a third amended complaint, and his March 4, 2010, request to file a fifth amended complaint and fifth amended complaint, also improperly labeled as a third amended complaint.

        For the reasons discussed below, the court finds that plaintiff's request to file the fifth amended complaint supersedes the requests to file the third and fourth amended complaints. Accordingly, the motions to file the third and fourth amended complaints are vacated. On March 1, 2010, defendants filed an opposition to file the fourth amended complaint. Because the fifth

1

amended complaint is substantially similar to the fourth amended complaint, the court construes defendants' opposition as addressing the fifth amended complaint.

For the following reasons, plaintiff's motion to file the fifth amended complaint shall be denied. The court will issue a separate order addressing defendants' motion to dismiss the second amended complaint.

Background

On April 29, 2009, the undersigned ordered service of the original complaint as to defendants Hougland and McBride. In the original complaint, plaintiff alleged that on July 7, 2008, defendant Hougland hit him on the back of the head so hard that he lost consciousness. When plaintiff regained consciousness, defendant Hougland was on top of him, hitting him on the head and telling him to stop resisting. Defendant McBride hit plaintiff on the back of the head.

On September 9, 2009, plaintiff filed a first amended complaint. The first amended complaint contained the same allegations as the original complaint. On September 14, 2009, defendants filed an answer to the original complaint. On September 21, 2009, the court ordered defendants to file a response to the September 9, 2009, first amended complaint.

On September 23, 2009, plaintiff filed a second amended complaint. This complaint alleged that in early March 2008, defendant Hougland grabbed plaintiff's pill bag from him and dropped the contents on the ground. After plaintiff picked up the papers that had been in the pill bag, defendant Hougland grabbed them from him and dropped the papers that had been in the bag one by one on the ground. After he handed a few papers back to plaintiff, he said, "I'm done." Plaintiff responded, "No you're not. Pick them up." A female officer picked up the papers and handed them to defendant Hougland. He then shoved them at plaintiff and said, "I'm going to get your fat ass." Plaintiff then submitted two inmate grievances regarding the incident which received no response.

\\\\\

        In the first amended complaint, plaintiff went on to allege that one week following the March 2008 incident, he was brought to the program office and placed in a holding cage. Defendant Hougland approached and said, "The first chance I get I'm going to kick your fat ass. So write that up asshole!" Plaintiff filed another administrative grievance that was not responded to. Plaintiff claims that after filing that grievance, the harassment by defendants Hougland and McBride did not stop. Plaintiff then goes on to describe the July 7, 2008, incident alleged in the original and first amended complaints.

        On October 8, 2009, defendants filed an answer to the September 9, 2009, amended complaint. On October 23, 2009, the undersigned ordered defendants to file a response to the second amended complaint.

        On October 23, 2009, plaintiff filed a third amended complaint. This complaint contains the allegations regarding the early March 2008 incident and the July 2008 incident described in the second amended complaint. This complaint also contains a declaration by plaintiff as well as exhibits addressing his alleged attempts to exhaust administrative remedies.

        On November 10, 2009, defendants filed the pending motion to dismiss addressing the second amended complaint.

        On February 8, 2010, plaintiff filed a fourth amended complaint. On March 4, 2010, plaintiff filed a fifth amended complaint.

        Named as defendants in the fifth amended complaint are defendants Hougland and McBride and the following new defendants: Swingle, Clark, Kelly, Holmes, Sanders, Fleming, Rodriguez, Thompson, Smith and Fish. The fifth amended complaint contains the allegations regarding the March 2008 and July 2008 incidents contained in the second amended complaint. Regarding the March 2008 incident, plaintiff additionally alleges that after he filed a staff complaint against defendant Hougland, the harassment never stopped. Plaintiff alleges that defendants Kelly and Fish did nothing to stop the harassment.

\\\\\

1        Regarding the July 2008 incident, plaintiff also alleges that after defendants Hougland and McBride finished beating him, defendants Kelly, Homes and Sanders arrived. After they cuffed plaintiff up, defendant Hougland stated, "Ha ha, I kicked your fat ass. Now you can write that up asshole." As defendants Kelly and Holmes took plaintiff to the program office, he told them that he felt his ribs had snapped and he needed pain medication. Defendant Kelly responded, "Tell Sergeant Hougland."

         Plaintiff alleges that when defendants Hougland and Sanders entered the office he told them that he thought his ribs were broken and that he was in pain. Defendant Hougland told him, "Suffer asshole." Defendant Sanders walked away. Defendants Fleming and Rodriguez later interviewed plaintiff regarding the incident. Plaintiff told them that he had suffered broken ribs. Defendant Fleming responded, "So tell Sergeant Hougland. I'm sure he'll love to know you're in pain."

         Plaintiff alleges that about two hours after the interview with defendants Fleming and Rodriguez, he was seen by defendant Nurse Clark. Plaintiff told defendant Clark that he had severe chest pain and that defendant Hougland had beaten him on the back of his head and right ear. Defendant Clark then looked at defendant Hougland who shook his head "no." When plaintiff asked for pain medication, defendant again shook his head "no."

         Plaintiff alleges that later that night he was interviewed by defendants Thompson and Holmes. He told them that he was in severe pain. Defendant Thompson said, "Go tell Sergeant Hougland." They also denied him medical attention. Plaintiff alleges that defendant Smith also later denied him medical attention.

Discussion

         Defendants first argue that the new claims in the fifth amended complaint concerning the denial of medical care are not properly joined with the excessive force claims pursuant to Fed. R. Civ. P. 20.

\\\\\

Under Fed. R. Civ. P. 20 plaintiff may join any persons as defendants if 1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and 2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); <u>Desert Empire Bank v. Ins. Co. of North America</u>, 623 F.2d 1371, 1375 (9th Cir. 1980).

The "same transaction" requirement of Rule 20 refers to "similarity in the factual background of a claim; claims that arise out of a systematic pattern of events" and have a "very definite logical relationship." <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 842-843 (9th Cir. 2000). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997). Claims "involv[ing] different legal issues, standards and procedures" do not involve common factual or legal questions. <u>Id.</u>, at 1351.

"Although the specific requirements of rule 20, discussed above, may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." <u>Desert Empire Bank</u>, 623 F.2d at 1375. "For examine, when making a decision whether to allow the permissive joinder of a party, a court should consider such factors as possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." <u>Id</u>.

Defendants argue that plaintiff's inadequate medical care claims against the new defendants do not arise out of the same transaction as the excessive force claims against defendants Hougland and McBride. Liberally construing the complaint, plaintiff is alleging that by failing to provide him with adequate medical care, the other defendants ratified or covered up the alleged excessive force used by defendants Hougland and McBride. Plaintiff's claims of inadequate medical care are clearly related to the excessive force claims. For these reasons, the

court finds that plaintiff's claims against defendants Hougland and McBride and the newly named defendants arise out of the same transaction, occurrence, or series of transactions or occurrences and have at least one question of fact in common.

Defendants next argue the motion to amend should be denied because it does not meet the requirements of Fed. R. Civ. P. 15. When deciding whether a party may be granted leave to amend pursuant to Fed. R. Civ. P. 15(a) to add new claims, the court considers five factors: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; 4) futility of amendment; and 5) whether the plaintiff has previously amended the complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Defendants argue that granting plaintiff's motion would result in undue delay. Defendants observe that on October 1, 2009, the court issued a scheduling order setting the discovery cut-off for January 15, 2010, and the pretrial motion cut off date for March 12, 2010. Defendants argue that the court will have to issue a new scheduling order if plaintiff's motion is granted.

Defendants' argument has merit. In addition, plaintiff was well aware of the new claims and defendants in the fifth amended complaint when he filed the original, first and second amended complaints. Plaintiff offers no valid explanation regarding why he did not raise these claims until he filed the fourth amended complaint on February 8, 2010. He clearly could have included these claims in his earlier complaints. Plaintiff's failure to include these claims in his earlier complaints, without explanation, verges on bad faith. Plaintiff's delay in raising these claims is definitely "undue." In addition, allowing plaintiff to add these new claims and defendants at this late date will prejudice defendants McBride and Hougland. The court will also be prejudiced by the delay in the resolution of this action. While the proposed amendments may not be futile, the other factors (bad faith, undue delay and prejudice) outweigh this factor. For these reasons, plaintiff's motion to amend shall be denied.

\\\\\

1  Defendants next argue that the motion to amend should be denied as futile as to
2  defendants Swingle and Fish because the proposed amended complaint contains no claims
3  against these defendants. The Civil Rights Act under which this action was filed provides as
4  follows:

5   Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
6   deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
7   law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15  Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
20 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
21 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
22 Cir. 1982).

23  The fifth amended complaint contains no claims against defendants Swingle. The
24 only claim against defendant Fish is that he did nothing to stop the harassment after the March
25 2008 incident. This claim is vague and conclusory. Plaintiff does not allege what harassment
26 defendant Fish witnessed or how he could have stopped it. For these reasons, the court does not

find that the fifth amended complaint states a colorable claim against defendant Fish. In the alternative, plaintiff's motion to amend to include the claims against defendants Fish and Swingle shall be denied on these grounds as well.

On March 4, 2010, plaintiff filed a motion to extend the discovery deadline. Because defendants' motion to dismiss is pending, the dates in the original scheduling order are vacated and discovery is stayed. The court will issue an amended scheduling order following resolution of defendants' motion to dismiss if appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to file third and fourth amended complaints (nos. 38 and 51) are vacated as superseded by plaintiff's motion to file the fifth amended complaint (no. 58);

2. Plaintiff's motion to extend the discovery cut-off deadline (no. 56) is granted; the dates set in the October 1, 2009, scheduling order are vacated and will be re-set following resolution of defendants' motion to dismiss, if appropriate; discovery is stayed pending resolution of the motion to dismiss;

3. Plaintiff's motion to amend (no. 52) is denied.

DATED: April 5, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

hub939.mtd