IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL HUBBARD,

    Plaintiff,                             No. CIV S-09-0939 JAM GGH P

   vs.

C.D. HOUGLAND, et al.,               <u>ORDER</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2010, defendant's motion to dismiss for failure to exhaust administrative remedies was granted and this case was closed. Plaintiff stated he attempted to exhaust his administrative remedies but prison authorities were discarding his appeals and not logging them even though many of his other appeals were properly logged. The undersigned found the plaintiff's arguments could not overcome the motion to dismiss and noted that an evidentiary hearing would not have been of help. However, the Ninth Circuit reversed and remanded and ordered an evidentiary hearing to be held. Therefore an evidentiary hearing will be held on **August 14, 2012, at 9:00 am** before the undersigned who makes the following ORDERS:

\\\\\

1. The evidentiary hearing will be held on **August 14, 2012, at 9:00 am** before the undersigned;

2. No later than 45 days prior to the evidentiary hearing, defendant shall inform the court if plaintiff's facility will be able to provide video conferencing so plaintiff may appear by video.

3. At the evidentiary hearing, plaintiff must be prepared to introduce evidence. In general, there are two kinds of evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the hearing and available to testify.

4. As to <u>Witnesses</u>: on or before **June 29, 2012**, the parties shall provide witness lists.

  A. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend the hearing to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

  1. The prospective witness is willing to attend; <u>and</u>

  2. The prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the hearing must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the hearing. The motion must:

  1. State the name, CDC Identification number, and address of each such witness;

1   and

2       2. Be accompanied by affidavits showing that each witness is willing to

3       testify and that each witness has actual knowledge of relevant facts.

4   The willingness of the prospective witness can be shown in one of two ways:

5       1. The party can swear by affidavit that the prospective witness has

6       informed the party that he is willing to testify voluntarily without being

7       subpoenaed. The party must state in the affidavit when and where the

8       prospective witness informed the party of this willingness; or

9       2. The party can serve and file an affidavit sworn to by the prospective

10       witness, in which the witness states that he or she is willing to testify

11       without being subpoenaed.

12   The prospective witness' actual knowledge of relevant facts can be shown in one

13   of two ways:

14       1. The party can swear by affidavit that the prospective witness has actual

15       knowledge. However, this can be done only if the party has actual

16       firsthand knowledge that the prospective witness was an eyewitness or an

17       ear-witness to the relevant facts. For example, if an incident occurred in

18       the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was

19       present and observed the incident, the plaintiff may swear to the cellmate's

20       ability to testify.

21       Or

22       2. The party can serve and file an affidavit sworn to by the prospective

23       witness in which the witness describes the relevant facts to which the

24       prospective witness was an eye- or ear-witness. Whether the affidavit is

25       made by the plaintiff or by the prospective witness, it must be specific

26       about what the incident was, when and where it occurred, who was

present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

B. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of the hearing. No action need be sought or obtained from the court.

D. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not later than four weeks before the hearing</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

\\\\\

1   A subpoena will not be served by the United States Marshal upon an
2 unincarcerated witness unless the subpoena is accompanied by a money order made payable to
3 the witness for the full amount of the witness' travel expenses plus the daily witness fee of
4 $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no
5 statute authorizes the use of public funds for these expenses in civil cases, the tendering of
6 witness fees and travel expenses is required even if the party was granted leave to proceed in
7 forma pauperis.
8   E.  Each party may call any witnesses designated by the other.
9     A.  No other witness will be permitted to testify unless:
10      (1)  The party offering the witness demonstrates that the witness is
11   for the purpose of rebutting evidence which could not be reasonably
12   anticipated prior to the evidentiary hearing.
13      (2)  The witness was discovered after the exchange of witnesses
14   and the proffering party makes the showing required in "B," below.
15     B.  If not timely designated within the fourteen-day period prior to the
16 evidentiary hearing, the parties shall promptly inform the court and opposing parties of the
17 existence of the unlisted witnesses so that the court may consider at the evidentiary hearing
18 whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:
19      (1)  The witnesses could not reasonably have been discovered prior
20   to the exchange of witness lists;
21      (2)  The court and the opposing party were promptly notified upon
22   discovery of the witnesses;
23      (3)  If time permitted, the party proffered the witnesses for
24   deposition; or
25      (4)  If time did not permit, a reasonable summary of the witnesses'
26   testimony was provided to the opposing party.

5. As to <u>Exhibits</u>: both parties shall submit exhibit lists on or before **June 29, 2012**, and exchange exhibits with each other no later than 14 days prior to the hearing.

Petitioner will use numbers to mark exhibits; respondent will use letters.

A. No other exhibits will be permitted to be introduced unless:

    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    (2) The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "B" below.

B. If not identified by June 29, 2012, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

    (1) The exhibits could not reasonably have been discovered earlier;

    (2) The court and the opposing party were promptly informed of their existence; or

    (3) The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

DATED: April 27, 2012

                /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
hubb939.ord