IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRYL HUBBARD,** | Case No. 2:09-CV-0939-TLN-AC (PC) |
| Plaintiff, | **[PROPOSED]** PROTECTIVE ORDER RE: ORDER DENYING IN PART, AND GRANTING IN PART, PLAINTIFF'S MOTION TO COMPEL (ECF NO. 133) |
| v. | |
| **C. D. HOUGLAND, et al.,** | |
| Defendants. | |

Plaintiff Darryl Hubbard, a former state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983.  On March 18, 2014, this Court filed an order denying in part, and granting in part, Plaintiff's motion to compel discovery (ECF No. 123).  (ECF No. 133.)[1]  The Court granted Plaintiff's motion as to interrogatories numbers 8, 9, 11, 12, and 13, and requests for production numbers 1, 2, 3, 4, 5, 6, and 7, directed to Defendant Hougland.  In addition, the Court granted Plaintiff's motion as to interrogatories numbers 6, 7, and 11, and requests for production numbers 1 and 4, directed to Defendant McBride.  (ECF No. 133 at 17:4-7.)  However, the Court limited the amount of information and documents Defendants Hougland and McBride must provide.

---

[1] Defendants filed a motion for reconsideration (ECF No. 136) of the March 18th order. By order filed on August 13, 2014, the March 18, 2014 order was affirmed by Judge Nunley. ECF No. 137.  Defendants then filed their proposed protective order on August 20, 2014.

Accordingly, a protective order will issue governing the allowable scope of Plaintiff's requests for discovery and Defendants' responses. IT IS HEREBY ORDERED that:

1. Defendant Hougland need respond only to interrogatories 8, 9, 11, 12, and 13, as follows:

    a. In response to interrogatory number 8, Defendant Hougland is ordered to provide only the number of staff complaints filed against him during the ten-year period preceding July 7, 2008.

    b. In response to interrogatory number 9, Defendant Hougland is ordered to provide only the number of staff complaints included in response to interrogatory number 9, for which he was reprimanded, during the ten-year period preceding July 7, 2008.

    c. In response to interrogatory number 11, Defendant Hougland is ordered to supplement his response only to clarify whether the two specified staff assault reports written by Defendant Hougland included the report regarding Plaintiff, and identify the reports by date.

    d. In response to interrogatory number 12, Defendant Hougland is ordered to identify only responsive documents in his personnel file from the ten-year period preceding July 7, 2008.

    e. In response to interrogatory number 13, Defendant Hougland is ordered to provide only the number of lawsuits during the ten-year period preceding July 7, 2008, in which he was named as a defendant. Defendant is required to include only lawsuits in which he was served with a complaint or waived personal service of the complaint.

2. Defendant Hougland need respond only to requests for production numbers 1, 2, 3, 4, 5, 6, and 7, as follows:

    a. In response to requests for production number 1, 2, and 3, Defendant is ordered to produce only correctional staff training materials and CDCR or HDSP policies and/or procedures, if any exist, that supplement or implement the use of force

regulations and/or address the tactics to be used when approaching or restraining an agitated or unruly inmate.  Defendant is required to produce only those training materials that were in use, and policies or procedures that were in force, during the ten years prior to July 7, 2008.

      b.    In response to requests for production numbers 4, 5, 6, and 7, Defendant Hougland is required to produce only documentation from the ten-year period preceding July 7, 2008, that relates to grievances/appeals/staff misconduct complaints filed against him by inmates alleging excessive force or dishonesty.  Defendant is required to produce only those documents to which he has access at HDSP or any other CDCR facility or located within his own personnel file.  In addition, Defendant Hougland is ordered to produce only documentation from the ten-year period preceding July 7, 2008, that identifies any and all lawsuits brought against him by a prisoner or prisoners alleging excessive force or dishonesty.

      c.    To the extent that any of the policies, training materials, and or procedures ordered produced in response to requests for production 1, 2, and 3 are confidential and represent a safety and security threat if disclosed, defendants are ordered to submit a redacted and unredacted copy of those documents to the Court under seal for the Court's review before production.

      d.    To the extent that any of the grievances/appeals/staff misconduct complaints ordered produced in response to requests for production numbers 4, 5, 6, and 7 contain confidential information about inmates or staff, defendant is ordered to submit a redacted and unredacted copy of those documents to the Court under seal for the Court's review before production.

3.    Defendant McBride need respond only to interrogatories number 6, 7, and 11, as follows:

      a.    In response to interrogatory number 6, Defendant McBride is ordered to provide only the number of staff complaints filed against him during the ten-year period preceding July 7, 2008.

3

       b.    In response to interrogatory number 7, Defendant McBride is ordered to provide only the number of staff complaints included in response to interrogatory number 6, for which he was reprimanded, during the ten-year period preceding July 7, 2008.

       c.    In response to interrogatory number 11, Defendant McBride is ordered to provide only the number of lawsuits during the ten-year period preceding July 7, 2008, in which he was named as a defendant. Defendant is required to include only lawsuits in which he was personally served with a complaint or waived personal service of the complaint.

4.    Defendant McBride need respond only to request for production number 1 and 4, as follows:

       a.    In response to requests for production number 1, Defendant McBride is ordered to produce documentation from the ten-year period preceding July 7, 2008, that identifies any and all lawsuits brought against him by a prisoner or prisoners alleging excessive force or dishonesty.

       b.    In response to requests for production number 4, Defendant McBride is ordered to produce documentation from the ten-year period preceding July 7, 2008, that relates to grievances/appeals/staff misconduct complaints filed against him by inmates alleging excessive force or dishonesty. Defendant is required to produce only those documents to which he has access at HDSP or any other CDCR facility or those located within his own personnel file.

       c.    To the extent that any of the grievances/appeals/staff misconduct complaints ordered produced in response to request for production number 4 contain confidential information about inmates or staff, defendant is ordered to submit a redacted and unredacted copy of those documents to the Court under seal for the Court's review before production.

5.    All information provided or produced subject to this Protective Order shall, as to Plaintiff, be regarded as confidential and subject to this Protective Order.

1       6.     Plaintiff may not share, give, or otherwise disseminate to any other person or entity, any documents or information produced, except as authorized by the Court.

      7.     Plaintiff shall use the information and documents produced only for purposes of this litigation and not for any other purpose, including other litigation or interests.

      8.     All objections concerning the admissibility of the information and documents produced under this Protective Order are preserved and may be made before such information or documents may be admitted at trial or for any other purpose, including summary judgment.

      9.     Any information provided or produced under this Protective Order, which is sought to be filed with the Court for any purpose, shall be filed under seal upon a motion or request to file under seal pursuant to Eastern District Local Rules 140(d) and 141, by placing the information in sealed envelopes bearing the caption of this action and attaching a copy of this Order permitting the documents to be filed under seal.  The sealed envelope shall also bear the word: "CONFIDENTIAL".  This envelope is sealed under order of the Court, contains confidential information, and shall only be accessed by the Court or authorized court personnel.

      10.     Plaintiff shall not make copies of such information, except for purposes of this litigation.

      11.     At the conclusion of this litigation, all documents and information produced pursuant to this protective order, including any copies, shall be destroyed by Plaintiff or returned to Defendants' counsel.  Plaintiff shall memorialize which method he uses, by letter to Defendants' counsel.

Dated: August 27, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE