UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>C.D. HOUGLAND, et al.,<br><br>    Defendants. | No. 2:09-cv-00939 TLN AC P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion for an extension of the time to file pretrial motions, statements, and disclosures (ECF No. 149); motion for clarification (ECF No. 150); and motion to permit additional discovery (ECF No. 151).

I.  Motion for Extension

In his motion for extension, plaintiff requests an extension of the time to file pretrial motions, statements, and disclosures, up to March 1, 2015. ECF No. 149. Since the court has yet to schedule a deadline for pretrial statements and disclosures, this portion of the request is premature and denied as such. However, the request to extend the deadline for pretrial motions will be granted.

The May 14, 2013 Discovery and Scheduling Order set September 3, 2013, as the

1

1  discovery deadline and November 22, 2013, as the pretrial dispositive motion deadline. ECF No.
2  120 at 5-6. Plaintiff brought a motion to compel discovery on August 27, 2013. ECF No. 123.
3  On August 30, 2013, the court granted defendants' motion to modify the Discovery and
4  Scheduling Order, extending the time to depose plaintiff to November 2, 2013, and extending the
5  pretrial motion deadline to January 3, 2014. ECF No. 124.

6  On January 13, 2014, the court granted the defendants' second motion to modify the
7  dispositive motion deadline, and dispositive motions were to be filed no later than sixty days after
8  the court ruled on the pending motion to compel. ECF No. 132. By order filed on March 18,
9  2014, the court granted plaintiff's motion to compel in part, ordering further responses to specific
10 but more narrowly tailored interrogatories and requests for production. ECF No. 133. Upon
11 issuance of a protective order, the court directed discovery responses and documentation be
12 provided within thirty days. Id.

13 Defendants sought reconsideration of the ruling on plaintiff's motion to compel. ECF No.
14 136. Upon reconsideration by the district judge, the March 18, 2014 order was affirmed. ECF
15 No. 137. Based on the date the district judge affirmed the March 18, 2014 order, dispositive
16 motions were due no later than October 13, 2014. See ECF No. 132. However, due to extensions
17 (ECF Nos. 143, 146), service of the supplemental responses in conformity with the court's March
18 18, 2014 order compelling additional responses was not completed until December 1, 2014 (ECF
19 Nos. 146, 148). The October 13, 2014 dispositive motion deadline is therefore vacated and the
20 parties shall have sixty days to file any dispositive motions.

21 II.      Motion for Additional Discovery

22 Discovery in this case closed on September 3, 2013. ECF No. 120 at 5. As set forth
23 above, discovery was re-opened for the limited purpose of completing discovery pursuant to the
24 March 18, 2014 order on plaintiff's motion to compel. Limited discovery ultimately closed on
25 December 1, 2014, when the defendants provided their supplemental responses. ECF Nos. 146,
26 148. Plaintiff has now filed a motion in which he seeks permission to submit follow-up discovery
27 requests related to the documents provided by the defendants. ECF No. 151. Though he does not
28 identify when he received the documents referenced in the motion, plaintiff is presumably

1 referring to the documents served by the defendants on December 1, 2014 (ECF No. 148).

2 Plaintiff's motion requests leave to obtain additional discovery related to how complaints about the defendants were investigated, whether the defendants were subject to mental health evaluations as a result of complaints against them, and what was done with any mental health recommendations that may have been made. ECF No. 151 at 2. He claims that if the investigations were not properly conducted and any mental health recommendations were ignored, then it would have encouraged the defendants to continue their alleged misconduct. Id.

Aside from its limited re-opening, discovery has long been closed (ECF No. 120 at 5) and plaintiff's request comes nearly two months after defendants served their additional responses (ECF No. 148). Plaintiff offers no explanation as to why he could not have sought the requested information prior to the original close of discovery or why he waited nearly two months from service of the additional responses to request leave to obtain this additional information. Plaintiff has not provided sufficient reason to justify re-opening discovery and his motion for additional discovery will be denied.

III.     Motion for Clarification

Plaintiff also requests clarification of the court's previous statement that this case involves an allegation of excessive force. ECF No. 150. The court will grant plaintiff's motion to the extent it provides the following clarification. The operative complaint in this case is plaintiff's second amended complaint (ECF No. 30). See ECF No. 63. The second amended complaint identifies only Hougland and McBride as defendants. ECF No. 30 at 1-2. Plaintiff's claim that defendants Hougland and McBride assaulted him is a claim for excessive use of force in violation of his Eighth Amendment rights. As previously stated in the court's March 18, 2014 order, plaintiff is not proceeding on a conspiracy claim or a claim of retaliation. ECF No. 133 at 5.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension (ECF No. 149) is denied in part and granted in part. The motion is denied as premature with respect to the request to extend the time for pretrial statements and disclosures and granted with respect to the request to extend the time for dispositive motions. The October 13, 2014 dispositive motion deadline is therefore vacated, and

1  the parties shall have sixty days from the date of this order to file any dispositive motions.

2. Plaintiff's motion for leave to submit additional discovery requests (ECF No. 151) is denied.

3. Plaintiff's motion for clarification (ECF No. 150), is granted to the extent clarification regarding plaintiff's claims has been provided above.

DATED: March 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4