1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     DARRYL L. HUBBARD,                              No.  2:09-cv-0939 TLN AC P

12                      Plaintiff,

13            v.                                        ORDER

14     C.D. HOUGLAND,

15                      Defendants.

16

17            Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to

18     42 U.S.C. § 1983.  Currently before the court are plaintiff's motions for a gag order and to

19     compel discovery.  ECF Nos. 170, 171.

20     I.     Motion for Gag Order

21            In his motion for a "gag order," plaintiff requests that the court issue an order preventing

22     defendants attorneys

                         from revealing, discussing, or relating any part of plaintiff's Exhibit
23                       list, or from giving any indications to the defendants themselves, on
                         how plaintiff is going to conduct his case, based on anything in
24                       plaintiff's pretrial statement, or the fact that plaintiff has motioned
                         the court for a gag order in the first place.
25

26     ECF No. 170 at 2.  Plaintiff asserts that this request is made based on fear for his safety.  Id.  The

27     court construes the motion for a "gag order" as a motion for protective order.  Defendants oppose

28     ////

                                                        1

1   the motion on the grounds that plaintiff has not met his burden for obtaining a protective order.

2   ECF No. 174.

3        In order to obtain a protective order limiting to whom documents are disclosed, the

4   moving party must show good cause for the restriction.  Fed. R. Civ. P. 26(c)(1).  "The party

5   opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that

6   specific prejudice or harm will result' if the protective order is not granted."  In re Roman

7   Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Foltz v.

8   State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).  "'Broad allegations of

9   harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)

10  test.'"  Beckman Indust., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quoting

11  Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

12       Plaintiff's only articulated reason for requesting the protective order is that he fears for his

13  safety from defendants and their co-workers due to past misconduct.  ECF No. 170.  Not only are

14  plaintiff's allegations of misconduct broad and non-specific, but plaintiff is no longer in the

15  custody of the California Department of Corrections and Rehabilitation (CDCR), making any

16  claims of retaliation tenuous at best.  Plaintiff has failed to point to any specific harm that he will

17  suffer if defendants' counsel is permitted to communicate with his clients regarding plaintiff's

18  trial exhibits and pretrial statement.

19       Additionally, as defendants point out, the majority of plaintiff's exhibits, as identified in

20  his pretrial statement, are documents created by public entities, most of which are available

21  publicly online.  ECF No. 172 at 7-8, Exhibits 1-10, 13.  To the extent plaintiff seeks to prevent

22  defendants' counsel from discussing public agency documents with his clients, especially those

23  made available online to the general public, the court finds no good cause for such a restriction.

24  The court also finds no good cause for preventing defendants' counsel from discussing "old news

25  reports" with his clients.  Id. at 8, Exhibit 16.  Plaintiff's other listed exhibits include his CDCR

26  medical records and healthcare appeal.  Id., Exhibits 11, 12, 14, 15.  To the extent plaintiff's

27  medical records and healthcare appeal deal with injuries he allegedly suffered as a result of

28  defendants' use of force, plaintiff has put his injuries at issue by bringing this lawsuit and he has

1    not established any good cause for preventing counsel from discussing those records and alleged

2    injuries with his clients.

3           Plaintiff's request that defense counsel also be prevented from discussing with his clients

4    how plaintiff plans to conduct his case, based on his pretrial statement and motion for a gag order,

5    is also unsupported by any good cause.  Both documents are publicly filed and it is counsel's

6    responsibility to properly prepare his clients for trial.  It would be unsurprising if such preparation

7    necessarily included discussing with his clients what to expect from plaintiff at trial.  Plaintiff

8    provides no good cause for restricting defendants' communications with their counsel and

9    preventing them from participating fully in their defense against plaintiff's allegations.

10          For these reasons, plaintiff's motion for a protective order will be denied.

11     II.     Motion to Compel

12          Plaintiff has also filed a motion to compel discovery items.  ECF No. 171.  Specifically,

13    he seeks to compel (1) a replacement of the use of force training video, (2) a copy of the video of

14    his interview conducted by Sgt. Thompson, and (3) the remainder of defendant Hougland's

15    misconduct history.  Id.  Discovery in this matter closed on September 3, 2013.  ECF No. 120 at

16    5.  There was a limited re-opening of discovery in order to complete discovery in accordance with

17    the March 18, 2014 order on plaintiff's motion to compel, and limited discovery closed on

18    December 1, 2014, when defendants served their supplemental responses.  ECF Nos. 133, 146,

19    148.

20          Since defendants have represented that they will provide plaintiff with another copy of the

21    use of force training video (ECF No. 175 at 5), the motion as to this request will be denied as

22    moot.

23          With respect to the video of plaintiff's interview, defendants state that plaintiff's records

24    reflect that he was given an opportunity to view the recorded interview.  ECF No. 175 at 4.  It

25    appears that plaintiff was incarcerated at that time.  Id.  Plaintiff has not previously raised issues

26    with the response to this production request (ECF No. 123) and if plaintiff sought to compel

27    production of a physical copy of the interview upon his release from prison, the time for doing so

28    has long since passed as plaintiff has been out of CDCR custody since at least October 10, 2012

1 (ECF No. 108), and discovery closed on September 3, 2013 (ECF No. 120 at 5).

2   As for the request for the remainder of defendant Hougland's misconduct history, it

3 appears that plaintiff is alleging that defendants failed to fully comply with the March 18, 2014

4 discovery order.  Defendants provided their supplemental responses on December 1, 2014, nearly

5 two years ago (ECF No. 148) and plaintiff offers no explanation for the delay in bringing the

6 alleged deficiency to the court (ECF No. 171).  Moreover, the court's order only required

7 defendant Hougland to produce "documentation to which he has access at HDSP or any other

8 CDCR facility or located within his own personnel file" (ECF No. 133 at 12), and defendants

9 state that they have provided documentation as far back within the required timeframe as they can

10 access (ECF No. 175 at 5).

11   For the reasons addressed above, plaintiff's motion to compel will be denied.

12   Accordingly, IT IS HEREBY ORDERED that:

13   1.  Plaintiff's motion for a gag order (ECF No. 170) is construed as a motion for a

14 protective order and is denied.

15   2.  Plaintiff's motion to compel (ECF No. 171) is denied.

16 DATED: October 18, 2016

17

18     ALLISON CLAIRE
      UNITED STATES MAGISTRATE JUDGE

4